IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CURTIS L. CONROY, | ) |
| Plaintiff, | ) ) |
| | ) Case No. 3:10-cv-00605 |
| v. | ) |
| | ) Judge Campbell |
| DOLGENCORP, LLC, | ) Magistrate Judge Brown |
| Defendant. | ) ) ) ) |

**CASE MANAGEMENT ORDER**

COMES NOW, the PARTIES by and through counsel, and submits this joint proposed case management order.

1. <u>Jurisdiction</u>.

Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 1343. Jurisdiction is not in dispute. Venue is not in dispute.

<u>Theories of the Case</u>

2. <u>Plaintiff's Theory</u>

The Plaintiff is male over the age of 40, in a protected class. He is a citizen of the United State of America, the State of Tennessee, and the city of Nashville, Tennessee. At all times, he alleges that he was well qualified for the position he held. Defendant Dollar General is alleged to have continually employed at least twenty (20) employees and is alleged to have continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII.

Plaintiff CURTIS CONROY was terminated on or about April 13, 2009. He was targeted

to be fired due to his age. Dollar General has been firing older employees in an attempt to reduce its labor costs. Plaintiff Conroy was allegedly fired for cause but the reason was merely pretext. There is a group of similarly situated employees terminated in similar situations, and they could not be selected from the group of all managers unless age was the primary factor in the decision.

Plaintiff CURTIS CONROY has lost pay and other benefits of his employment. Plaintiff CURTIS CONROY also seeks back pay and front pay, compensatory and punitive damages, equitable relief, prejudgment interest, and attorney fees and costs. Plaintiff CURTIS CONROY also seeks reinstatement of his employment.

    3.    <u>Defendant's Theory</u>

Defendant denies it discriminated against Plaintiff based on his age or on any other basis. Defendant further denies that it retaliated against Plaintiff. Plaintiff was an employee at will, and he was terminated for legitimate, nondiscriminatory, nonretaliatory reasons, including Plaintiff's violation of company policy and failure to adhere to Defendant's cash handling policies.

    4.    <u>Identification of the Issues</u>

        a.   <u>Issues resolved:</u> Jurisdiction and venue are not in dispute.

        b.   <u>Issues still in dispute:</u> Liability and damages are in dispute.

    5.    <u>Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure</u>

There are no anticipated counterclaims, cross-claims, third party claims, and/or class action issues or joinder of party issues identified as of the filing of this Proposed Order.

    6. <u>Amendment of the pleadings</u>. The parties shall file all counter-claims, cross-claims, third-party claims or otherwise amend the pleadings by October 1, 2010.

7. Discovery. Discovery is not stayed during dispositive motions, unless ordered by the court. All motions relating to discovery must be filed on or before April 1, 2011. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolved their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge. All fact discovery, including depositions, shall be completed not later than April 1, 2011.

The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply in this case. Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy form, or, where the documents are voluminous, the parties will discuss the most convenient method for producing documents. The parties have taken reasonable measures to preserve potentially discoverable information. The parties agree that discovery will not be unduly burdensome and will not impose unduly expensive costs on either side, and that discovery will be limited to data reasonably available to the parties in the ordinary course of business. The parties agree that discovery will be reasonable and will be limited to matters that are relevant to claims/defenses raised or likely to lead to the discovery of claims/defenses raised.

8. Alternative Dispute Resolution.

The parties have not determined whether alternative dispute resolution is appropriate at this time.

9. Dispositive motions. Any dispositive motions shall be filed on or before August 2, 2011. Responses to dispositive motions shall be filed August 30, 2011, or 28 days after the date

the motion is filed, whichever is earlier. Optional reply briefs shall be filed September 13, 2011, or 14 days after the date the response is filed, whichever is earlier. If dispositive motions are filed early, the response and reply dates are moved up accordingly. Briefs shall not exceed 25 pages, and the Reply shall not exceed 5 pages, absent permission from the Court.

10. Expert witnesses.

Plaintiff shall make all expert witness disclosures required pursuant to Rule 26(a)(2) on or before May 2, 2011. Defendant shall make all expert witness disclosures required pursuant to Rule 26(a)(2) on or before June 15, 2011. All expert discovery shall be completed on or before July 15, 2011.

11. Mandatory initial disclosures. Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before September 9, 2010.

12. Subsequent Case Management Conference: There shall be a telephonic status conference ~~initiated by Plaintiff's counsel~~ on Feb 15, 2011 at 10:00 AM. Parties should call 615 695 2851 for the Call.

13. Trial date. This jury trial which will last for two (2) to three (3) days. The parties request a target trial on or after Jan 24, 2012 ~~date no sooner that five months after dispositive motions are fully briefed~~. The trial date and the date of the final pretrial conference will be set by separate order.

Approved this 9 day of Aug, 2010.

_____
Magistrate Judge Joe B. Brown

Page 4

Case 3:10-cv-00605 Document 9 Filed 08/10/10 Page 4 of 4 PageID #: 31