IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CURTIS L. CONROY, | ) |
| Plaintiff, | ) Case No. 3:10-cv-00605 |
| v. | ) Judge Campbell |
| DOLGENCORP, LLC, | ) Magistrate Judge Brown |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

1. Upon order of this Court, the following are subject to the provisions of this Protective Order: all documents and other materials produced or otherwise provided by Dolgencorp, LLC (hereinafter "Defendant"), or by any of its current or former officers, directors, attorneys, consultants, agents or other representatives, and Curtis Conroy (Plaintiff), or by his agents, representatives or attorneys, in response to discovery requests by either party, which documents or other materials are designated by either party as "Confidential." All personnel files are designated as "Confidential." All of the foregoing documents, materials, testimony and other information which are properly designated shall hereinafter be collectively referred to as "Confidential Material."

2. The parties shall have the right to mark or otherwise designate any documents or other materials that they believe contain personal information of individuals not a party to this litigation, proprietary, trade secret, or other confidential research, development, or commercial information as "Confidential." It shall be the duty of the parties or their counsels to inform the opposing party or their attorney seeking discovery as to which materials are to be treated as Confidential Material.

3. Except as provided for in Paragraph 9, Confidential Material may not be disclosed to any person other than:

 (a) Plaintiff or Defendant;

 (b) counsel of record in this litigation, including internal corporate counsel, and their partners, employees or associates to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

 (c) court reporters while in the performance of their official duties;

 (d) this Court or any other court before whom or which this litigation is pending, including any court personnel; and

 (e) persons who have prepared or assisted in the preparation of such documents or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided further that such persons may not retain any Confidential Material;

 (f) expert witnesses retained by either party for the conduct of this litigation.

4. Prior to disclosure of any Confidential Material to any person identified in subparagraphs 3(a), (b), (e) and (f) hereof, such person shall be furnished with a copy of the Protective Order and shall be required to sign the Acknowledgement in the form attached hereto as Exhibit A and agree to be bound by the terms and conditions of this Protective Order.

5. All such material filed with or submitted to the Court shall be conspicuously marked "Confidential" and/or "Subject to Protective Order" prior to such filing or submission and shall be accompanied by a motion/written request that the materials be placed under seal. In the

event that any Confidential Material is used or disclosed in any hearing or at trial, such material shall not lose its confidential or protected status by reason of such use or disclosure.

6. Any designation of deposition testimony as "Confidential" shall be made at the time such testimony is given or within a reasonable time thereafter, but in no event later than the time at which the testimony is transcribed. Prior to the disclosure of Confidential Material at any deposition, the reporter recording the same shall be furnished a copy of this Order and shall be informed that testimony, exhibits and other information designated as Confidential Material may be disclosed only in accordance with the terms of the Order. When transcripts of any testimony are prepared, the reporter shall conspicuously mark each page on which Confidential Material appears with an appropriate legend signifying its confidential status and shall place the following legend on the cover of any transcript containing Confidential Material: "This transcript contains Confidential Material subject to a Protective Order of the Court - to be filed under seal."

7. No person shall make copies, extracts or summaries of Confidential material except under the supervision of counsel when, in the judgment of the counsel, such copies or other papers are necessary for the conduct of this litigation. Each such copy of other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Material is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such materials.

8. This Protective Order shall be without prejudice to the right of any party to bring before this Court at any time the questions of whether any particular document or information is or is not discoverable or relevant to any issue in this case, or whether any particular document or information is or is not Confidential Material for the purposes of this Protective Order, or is properly subject to any limitations imposed herein. Nothing contained in this Protective Order

shall be construed in any manner as an admission by any party that the documents or materials labeled as "Confidential" by Defendant or Plaintiff in fact contain proprietary, trade secret or confidential information. Nothing contained in this Protective Order shall be construed to constitute a waiver of the Defendant's or Plaintiff's right to claim that a document not designated as "Confidential" is in fact Confidential Material within the terms of this Order.

9. This Protective Order shall not prevent the making, or the exhibition to a witness and/or juror, or the offering in evidence of any Confidential Material during depositions, hearing or other pretrial proceedings, at trial, or on appeal, but no copy of any Confidential Material shall be retained by any such witnesses or jurors. Nothing in this Protective Order shall require a formal order of Court prior to such use of Confidential Material.

10. Except as may be otherwise agreed by the parties, no later than thirty (30) days after the termination of this litigation, whether by settlement, judgment or appeal, all copies of Confidential Materials shall be permanently obliterate by the parties or the parties shall excise all Confidential Material contained in any such work product retained by them.

11. Confidential Material shall not be used or disclosed for any purpose whatsoever except for the conduct of proceedings in this case, and any appeals in connection herewith.

12. The restrictions set forth in the preceding paragraphs shall not apply to documents, materials or information which:

> (a) were or become disclosed to the public other than through violation of the Protective Order, provided, however, that Confidential Material shall not lose confidential or protected status by reason of use or disclosure of the material in any hearing or at trial in this litigation; or

(b) are acquired by either party from a third party lawfully possessing such documents, material or information; or

(c) were lawfully possessed by the non-producing party prior to the issuance of this Protective Order.

13. This Court shall retain jurisdiction of all matters pertaining to this Protective Order.

It is so **ORDERED**.

ENTERED this the 16 day of Feb, 2011.

_____
United States District Judge
Magistrate

APPROVED FOR ENTRY:


/s/ Wendy V. Miller
Keith D. Frazier, TN Bar No. 012413
Wendy V. Miller, TN Bar No. 023500
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908

Attorneys for Defendant Dolgencorp, LLC


/s/ John A. Beam, III
John A. Beam, III, Esq.
Kristin J. Fecteau, Esq.
Equitus Law Alliance, PLLC
709 Taylor Street
PO Box 280240
Nashville, TN 37228-0240

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CURTIS L. CONROY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-cv-00605 |
| | ) | |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Brown |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## EXHIBIT A TO PROTECTIVE ORDER ACKNOWLEDGEMENT

I have reviewed the Protective Order entered in the above-styled case and hereby agree to be bound by the terms and conditions thereof.

NAME: _____

SIGNED: _____

9824545.1 (OGLETREE)